## Little v. National Colortype Company.

(Decided February 2, 1923.)

### Appeal from Campbell Circuit Court.

Evidence—Copy of Bylaw not Primary Evidence.—A copy of a writing is not primary evidence, but in the absence of the original and upon a showing that it was lost, the copy should have been admitted.

HOWARD M. BENTON for appellant.

CHARLES M. YUNGBLUT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Little, a lawyer, brought this action in the Campbell circuit court against the National Colortype Company to recover on five items for professional ser-

vices. After the parties pleaded to an issue the court submitted four of the items by proper instructions to a jury which, upon the evidence, returned a verdict for the appellee company. The other item, $950.00, for which appellant sued, was taken from the jury by peremptory instruction, and of this appellant complains.

In October, 1918, according to appellant's contention, he was elected a director of appellee company and qualified, and immediately entered upon the discharge of the duties of such officer. At that time the appellee company had in force a bylaw and regulation by which each of its directors was to receive a salary of $300.00 per year. Appellant served three years and two months which, according to his contention, would entitle him to $950.00 on this item. The company denied appellant's right to the said compensation, although it admitted he was a director, on the ground that the bylaw upon which appellant Little relies for a recovery was not passed before nor in force at any time while appellant was a member of the board of directors, and it introduced evidence tending to support its contention, while appellant Little, and at least one other witness, gave evidence tending to show that such a bylaw was in full force and effect during all the time Little was a member of the said board of directors. Owing to the fact that appellant Little was unable to produce or cause to be produced the records of the company showing the adoption of such bylaw, the court, it appears from the record, declined to allow appellant Little to introduce a carbon copy of the bylaw prepared by him and the minutes showing their adoption at a meeting before his election and their continuance in force throughout the time he served on the board of directors. The copies, of course, were not primary evidence, but in the absence of the original, and upon a showing by the officers of the company then in charge of its affairs that the books and records of the company were lost, the copies should have been admitted. For this error the judgment must be reversed for a new trial, at which the court will submit the question of appellant's right to compensation as a member of the board of directors of appellee company to a jury, under proper instruction.

Judgment reversed for proceedings consistent with this opinion.